David L. Mazaroli (DM-3929)
Attorney for Plaintiff
250 Park Avenue – 7th Floor
New York, NY 10177
Tel. (212)267-8480
Fax. (212)732-7352
*e-mail: dlm@mazarolilaw.com*
------------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

|  |  |  |
|---|---|---|
| FEDERAL INSURANCE COMPANY, | : | ECF CASE |
|  | : |  |
| Plaintiff, | : | 18 Civ. 11123 |
|  | : |  |
| - against – | : | **VERIFIED COMPLAINT IN ADMIRALTY** |
|  | : |  |
| M/V "MAERSK SHANGHAI", her engines, tackle, boilers, etc., *in rem;* | : |  |
| MSC MEDITERRANEAN SHIPPING COMPANY S.A.; O.T.S. ASTRACON L.L.C.; | : |  |
|  |  |  |
| Defendants. | : |  |

------------------------------------------------------------------x

Plaintiff, through its undersigned attorney, alleges as follows for its verified complaint against the captioned *in personam* defendants and the M/V "MAERSK SHANGHAI" *in rem:*

### FIRST CAUSE OF ACTION

### (Breach of Contract and of Duties Under COGSA, 46 U.S. § 30701)

1.     This action involves admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within the admiralty and maritime jurisdiction of the United States and of this Honorable Court. This action also falls within the Court's federal question, pendent, ancillary, and supplemental jurisdiction.

2.      Plaintiff seeks recovery for nondelivery, shortage, and loss to a shipment of kneepads (hereinafter "the Shipment") caused by defendants' breaches of contract and torts. The Shipment is further described in the annexed Schedule A, which is incorporated herein by reference and which provides *inter alia* the bill of lading numbers and the carrier-provided container numbers.

3.      Plaintiff Federal Insurance Company is an Indiana corporation with its principal place of business in  the State of New Jersey and sues herein as subrogated insurer of the Shipment, having paid the insurance claim of Rooster Products International, Inc.  (hereinafter "RPI"), for the claimed nondelivery, shortage,  and loss which gives rise to this action.

4.      Plaintiff's subrogor, RPI, was at all material times the consignee, purchaser, owner and intended consignee of the Shipment,  the holder of the subject bills of lading, and a Merchant as defined therein. RPI, who was also the entity which sustained the loss arising from the claimed nondelivery, shortage, and loss to the Shipment, executed a subrogation receipt which states *inter alia* that Federal is subrogated to the rights of recovery on account of the nondelivery, shortage and loss of the Shipment.

5.      Upon information and belief defendant MSC Mediterranean Shipping Company S.A. (hereinafter "MSC") is an alien corporation with its principal place of business in Switzerland, and was at all material times a vessel-operating common carrier whose bills of lading include a Southern District of New York forum selection clause.

6.      Upon information and belief defendant O.T.S. Astracon LLC ("OTS"), is a corporation organized under the laws of one of the fifty states and was at all material

times a non-vessel-operating common carrier with a bond on file with the Federal Maritime Commission.

7.       This Court has jurisdiction over the *in personam* defendants, who conduct business as common carriers of cargo for hire, and as providers of services related thereto, including, upon information and belief,  with respect to shipments moving to, from and through the Port of New York, and/or on behalf of business entities domiciled in New York.

8.       Upon information and belief at all material times the M/V "MAERSK SHANGHAI", a vessel engaged in the common carriage of cargo by water for hire, was owned, operated, chartered, hired, managed and/or otherwise controlled by  MSC.

9.       This action involves nondelivery, shortage and loss to the Shipment which for agreed consideration defendants contracted to carry from China to the United States.

10.      On or about Janaury 5-18, 2018, as confirmed by the aforementioned bills of lading, the Shipment was delivered into the care, custody and control of defendants who contracted to carry the cargo from the place of receipt to the place of intended delivery.

11.       The cargo was in good order and condition at the time of receipt by defendants.

12.      Defendants designated the M/V "MAERSK SHANGHAI" to carry the Shipment from Ningbo to Houston.

13.      Defendants failed to deliver the Shipment to the intended discharge port.

14.      According to defendants during the ocean carriage aboard the M/V "MAERSK SHANGHAI" the containers carrying the Shipment were lost overboard.

15.     The aforesaid nondelivery, shortage and loss of the Shipment was caused by (a) defendants' breaches and violations of their nondelegable duties as common carriers; (b) their reckless failure to properly load, secure, stow, lash, carry, care for, refrigerate, discharge and deliver the subject cargo; (c) the unseaworthiness of the carrying vessel and containers; and (d) by other circumstances for which defendants are liable to plaintiff under the applicable statutory law, including the Carriage of Goods by Sea Act, 46 U.S.C. § 30701 note, (alternatively the Hague-Visby Rules in effect in the country of shipment),  the general maritime law and the governing carriage contracts.

16.     As a result of the foregoing, plaintiff and those on whose behalf it sues, has sustained damages in the amount of $96,812.93 for which defendants are jointly and severally liable as common carriers and/or bailees for hire.

17.     Plaintiff sues on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

## SECOND CAUSE OF ACTION
### (Breach of Bailment Obligations)

18.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 17 of this complaint.

19.     At the time the aforementioned nondelivery, shortage and loss of the Shipment occurred,  defendants, together with the entities they hired to act on their behalf, were acting as bailees of the Shipment and in their own capacity, or through their contractors, agents, servants or sub-bailees, had a duty to safely and properly keep, care for and deliver the Shipment in the same good order and condition as when entrusted to

them. Defendants also had a duty to ensure that the services provided for the Shipments were performed with reasonable care and in a non-negligent and workmanlike manner.

20.     Defendants breached their duties and obligations as bailees by failing to deliver the Shipment.

21.     As proximate result of the foregoing plaintiff and those on whose behalf it sues has sustained damages in the amount of $96,812.93, as nearly as can presently be estimated, no part of which has been paid although duly demanded.

### THIRD CAUSE OF ACTION

**(Negligence and/or Recklessness,
and/or Willful Misconduct)**

22.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 17 of this complaint.

23.     At all material times defendants had a nondelegable duty to properly handle, carry, stow, lash, protect and care for the Shipment.

24.     The nondelivery, shortage, and loss of the Shipment was caused by defendants' negligence, recklessness, wanton neglect, and willful misconduct in that defendants, their agents, servants, sub-carriers, participating carriers, subcontractors, terminal operators, stevedores, warehousemen and employees failed to properly handle, stow, lash, carry, protect and care for the Shipments.

25.     As a proximate result of the foregoing plaintiff and those on whose behalf it sues has sustained damages in the amount of $96,812.93, as nearly as can presently be estimated,  no part of which has been paid although duly demanded.

WHEREFORE, plaintiff respectfully prays:

A.     That process in due form of law issue against the captioned *in personam* defendants MSC Mediterranean Shipping Co. S.A., O.T.S. Astracon L.L.C. and against

the M/V "MAERSK SHANGHAI", *in rem,* citing them to appear and answer all and singular the aforesaid matters;

      B.      That judgment be entered against the captioned *in personam* defendants and the vessel *in rem*, jointly and severally in the amount of $96,812.93, together with incidental expenses,  plus prejudgment interest at the rate of 9% per annum from the date of the intended delivery of the Shipment;

      C.      That  plaintiff  be afforded such other and further relief as warranted by justice, including an award of reasonable attorneys fees and all costs incurred in the prosecution of this action.

Dated:   New York, New York
           November 29, 2018

                                         Law Office
                                         David L. Mazaroli

                                       *s/David  L. Mazaroli*

                                         _____
                                         David L. Mazaroli
                                         Attorney for Plaintiff
                                         250 Park Avenue – 7th Floor
                                         New York, New York 10177
                                         Tel.: (212)267-8480
                                         Fax.: (212)732-7352
                                         E-mail: dlm@mazarolilaw.com

## SCHEDULE A

| | |
|---|---|
| Vessel and Voyage: | M/V "MAERSK SHANGHAI" Voy. 803W |
| Containers: | TGHU8548739 and TGCU5002290 |
| Port of Loading: | Ningbo, China |
| Port of Discharge: | Houston  (intended,  but not discharged) |

O.T.C. Astracon, L.L.C.
Bills of Lading:                       NS/US-17518 dated January 5, 2018
                                              NS/US-18005 dated January 18, 2018

MSC Mediterranean Shipping Co. Ltd
Bills of Lading:
                                              MSCUON881583 dated January 11, 2018
                                              MSCUON932048 dated January 18, 2018

Nature of Cargo:                    Knee Pads in Cartons,
                                              and related and/or accompanying products

Claim Amount:                       $96,812.93

## **VERIFICATION**

STATE OF NEW YORK     )
                               : SS
COUNTY OF NEW YORK  )

      DAVID L. MAZAROLI, being duly sworn,  deposes and says:

1. That he is an attorney duly admitted to practice before this Honorable Court and the Courts of this State and is the attorney of record for Plaintiff herein.

2. That he has read the foregoing Complaint and knows the contents thereof.

3. That the same is true to the best of his knowledge, except as to those matters alleged on information and belief and as to those matters he believes them to be true.

4. Deponent further says that the sources of his information and the grounds for his belief are documents, records, correspondence and memoranda of Plaintiff concerning the matters set forth in the Complaint in the possession of deponent, and certain additional documents disclosed by the defendants or obtained from non-parties.

                                         *s/David L. Mazaroli*
                                   _____
                                       David L. Mazaroli

Sworn to before me this
29th day of November 2018

       *s/Lerai Meek*
_____
Notary Public - State of New York
       NO. 01ME6202198
       Qualified in Bronx County
My  Commission Expires March 9, 2021